# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TIMOTHY RAY LESTER,** | ) | **CASE NO. 7:17CV00334** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: Norman K. Moon |
| Respondent. | ) | Senior United States District Judge |

Timothy Ray Lester, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the calculation of his sentence. Respondent filed a motion to dismiss Lester's § 2254 petition, and Lester failed to respond, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss.

## I.

On July 30, 2015, while an inmate at Augusta Correctional Facility, Lester was arrested on a forgery charge. The Augusta County Circuit Court ordered Lester to be held without bail, and on October 13, 2015, pursuant to a guilty plea, the circuit court sentenced Lester to six months in prison. At that time, Lester had a good time release date of April 21, 2017; however, the new sentence delayed his release date until October 23, 2017. Pet'r's Exh. H, ECF No. 1-2. In 2017, Lester's projected release date was updated to August 29, 2017. Exh. J, ECF No. 1-2.

On or about July 17, 2017, Lester filed a § 2254 petition alleging that his good-time sentence credit was miscalculated, and that he was entitled to seventy-four days of good-time credits. When he filed his petition, Lester was confined at Keen Mountain Correctional Center. Authorities released Lester on August 29, 2017.

## II.

Section 2254 limits the availability of habeas corpus relief to state prisoners who are "in custody" pursuant to the challenged state court judgment. 28 U.S.C. § 2254(a). This requirement is satisfied if petitioner was "in custody" at the time he filed his § 2254 petition, regardless of subsequent events. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Courts have liberally construed the term "in custody" for purposes of § 2254 as referring not only to physical detention in a prison or jail, but also including other "restraints on [petitioner's] liberty [that are] not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

If a habeas petitioner's sentence expires after he files his petition, but before the proceedings are complete, the petition is not moot if petitioner remains subject to "some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction." *Spencer*, 523 U.S. at 7 (omitting internal quotation marks). Absent evidence of such continuing disability stemming from the challenged conviction, the habeas petition must be dismissed as moot. *Id.* at 7-8. Furthermore, when a petitioner attacks a sentence but not the underlying conviction, and that sentence expires during the course of the proceedings, the case becomes moot. *Lane v. Williams*, 455 U.S. 624, 631 (1982); *see also North Carolina v. Rice*, 404 U.S. 244, 248 (1971) ("Nullification of a conviction may have important benefits . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter.").

Lester was released from custody on August 29, 2017 after fully satisfying his sentences. *See* Brown[1] Aff. ¶ 4, ECF No. 13-1 ("Lester served a total active sentence of 7 years and 12 months and has fully satisfied his sentences."). Since Lester has already been released and failed

---

[1] Wendy K. Brown is the Legal Services Community Release Manager for the VDOC. The Court and Legal Services section is responsible for computing sentences and release dates.

to respond with any allegations that he remains subject to any "concrete and continuing injury," the court concludes that Lester's habeas claims are moot. *See Spencer*, 523 U.S. at 7. The petition will be dismissed on that ground.

### III.

For the reasons stated, I will grant the motion to dismiss. Lester's petition is moot. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Lester and to counsel of record for Respondent. Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

**ENTER:** This 22nd day of May, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE